7654

## BANK OF MARION v. SOUTHERN EXPRESS CO.

1. ISSUES—VERDICT.—There being some evidence here tending to support the allegations of plaintiff, that a part of a shipment of money was lost while the package was in the possession of the express company, the verdict is not disturbed as the issue of when and where the shortage occurred was peculiarly for the jury.
2. REHEARING refused.

Before WATTS, J., Marion, November, 1909.   Affirmed.

Action by Bank of Marion against Southern Express Co. From judgment for plaintiff, defendant appeals.

*Messrs. Willcox & Willcox, James W. Johnson,* and *Henry E. Davis,* for appellant.   *Messrs. Willcox & Willcox,* and *Henry E. Davis,* cite: *Carrier is not liable where it shows impossibility of loss on its line:* 101 Am. St. R., 398; 94 Am. St. R., 656; 30 Am. St. R., 577; 4 Ell. on R. R., sec. 1450; 3 Hutch. on Car., sec. 1347.

*Messrs. Mullins & Hughes,* and *W. C. Woods,* contra.

The opinion in this case was filed July 18, 1910, but held up on petition for rehearing until

August 8, 1910.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES.   The complaint alleged that on December 6, 1906, at Marion, S. C., plaintiff bank delivered to defendant carrier a package containing three thousand dollars for transportation and delivery to the Murchison National Bank at Wilmington, N. C., and that when said package was delivered to the Murchison National Bank the package was short and contained only $2,280, and

demanded judgment for the amount of the shortage, with interest.

The answer, after general denial, alleged, "that on December 6, 1906, the plaintiff delivered to defendant at its office in Marion, South Carolina, a sealed package, said to contain three thousand dollars; that said package was consigned to the Murchison National Bank, Wilmington, North Carolina; that defendant did not count the money placed in said package by plaintiff and does not know what it contained, but this defendant alleges that it transported said package to Wilmington, in the State of North Carolina, and there delivered same to the consignee in precisely the condition it was in when it was delivered to defendant, the seal of said package unbroken and its contents intact."

The verdict and judgment was for the plaintiff for the amount claimed.

The exceptions allege error in the Court's refusal to direct a verdict for the defendant and to grant a new trial on the ground that the evidence showed conclusively that the package under seal was delivered in the same condition as when received.

Without going into details, it is sufficient to say that there was some testimony tending to establish the case of the plaintiff. There was sharp conflict between the testimony for the plaintiff and the defendant, but the issue as to when and where the shortage occurred was peculiarly one for the jury.

The judgment of the Circuit Court is affirmed.

August 8, 1910. PER CURIAM. After careful consideration of the within petition we do not discover that any material issue has been overlooked or disregarded.

It is therefore ordered that this petition be dismissed and the stay of remittitur heretofore granted be revoked.